UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:24-cv-80736

SHELLY SOTO,

    Plaintiff,

v.

CLASSICA CRUISE OPERATOR, LTD. INC. and MARGARITAVILLE AT SEA, LLC,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, Shelly Soto, sues Defendants, CLASSICA CRUISE OPERATOR, LTD. INC. and MARGARITAVILLE AT SEA, LLC, for damages and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, SHELLY SOTO ("Plaintiff"), is a citizen of the United States and a resident of the state of Florida.

2. Defendant, CLASSICA CRUISE OPERATOR, LTD. INC., is a foreign corporation with its principal place of business in Deerfield Beach, Florida.

3. Defendant, MARGARITAVILLE AT SEA, LLC is a foreign corporation with its principal place of business in Orlando, Florida.

4. This matter falls under the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 because the Plaintiff's cause of action as alleged below arises out of events occurring aboard a vessel on navigable waters during traditional maritime activity—the operation of a passenger cruise vessel.

5. At all material times, both Defendants, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Engaged in ongoing and substantial activity within this state;

   c. Committed tortious acts in whole or in part in this county and state.

   d. Operated vessels in the waters of this state; and/or

   e. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. CLASSICA CRUISE OPERATOR, LTD. INC. and MARGARITAVILLE AT SEA, LLC are subject to the jurisdiction of the Courts of this state.

7. At all material times, both Defendants engaged in the business of operating maritime cruise vessels for fare-paying passengers, including the Plaintiff.

8. Venue is proper under 28 U.S.C. § 1391 because both Defendants are subject to the Court's personal jurisdiction and the cruise ticket contract requires that suit be brought in this Court.

9. Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

10. CLASSICA CRUISE OPERATOR, LTD. INC. and MARGARITAVILLE AT SEA, LLC were engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Margaritaville at Sea Paradise* (the "Vessel").

11. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

12. At all material times, CLASSICA CRUISE OPERATOR, LTD. INC. and MARGARITAVILLE AT SEA, LLC owned, operated, managed, maintained and/or controlled the Vessel.

13. On or about June 16, 2023, Plaintiff was a fare-paying passenger aboard the Defendants' Vessel upon navigable waters.

14. Plaintiff's cabin had a fold-away bed, installed vertically inside a closet, which could be released and lowered down into the horizontal position for use.

15. Defendants have known for many years prior to Plaintiff's cruise that the fold-away beds can break free from their vertical storage position or detach from the closet wall and fall onto those nearby, posing serious impact and crush hazards.

16. Defendants have known for many years prior to the Plaintiff's cruise that falling fold-away beds are a recurrent source of injury to passengers.

17. The Defendants have received reports of the fold-away beds falling or breaking and causing injuries involving broken bones, bruising, lacerations, and other injuries.

18. Defendants have known for many years prior to Plaintiff's cruise that industry standards require passenger accommodations aboard cruise ships to be maintained safe, clean, and in a good state of repair.

19. At all material times, Defendants allowed a hazardous condition to exist which they knew or should have known was likely to cause injuries to its passengers, namely:

   a. If not closed properly, the fold-away bed can suddenly collapse and cause injury to anyone who is in its path.

   b. In addition, fold-away beds often utilize heavy springs and counterbalances, which can be dangerous if they are not maintained properly.

    c. If these components are not in good working order, the bed may not remain secure in its closed position, creating a potential hazard.

20. For these reasons, it is important for the Defendants to ensure that the fold-away beds in the passenger cabins are properly secured and maintained.

21. Defendants have known for many years before Plaintiff's cruise that the prompt identification and removal of potential hazards on their Vessels is a reasonable way to protect passengers against injury from falling objects in general, and fold-away beds in particular.

22. Defendants are on notice that the fold-away beds in the passenger cabins are a potential falling hazard if they do not remain securely stowed in their upright positions.

23. Defendants are aware of prior incidents where a fold-way bed collapsed onto a cruise ship passenger or crewmember under the same or substantially similar circumstances.

24. On or about June 16, 2023, Plaintiff opened the closet door in her cabin and suddenly, without warning, the fold-away bed came crashing down onto her right foot, crushing her second toe and causing Plaintiff to develop complex regional pain syndrome and mononeuropathy of her right lower extremity.

## COUNT I – NEGLIGENCE AGAINST ALL DEFENDANTS

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-four (24) as though alleged originally herein.

25. At all material times, it was the duty of the Defendants to provide Plaintiff with reasonable care under the circumstances.

26. On or about June 16, 2023, the Defendants and/or their agents, servants and/or employees breached the duty to provide Plaintiff with reasonable care under the circumstances.

27. Defendants assented for their agents, servants and/or employees to act on their behalf, and the agents, servants, and employees were subject to Defendants' control under classic agency principles.

28. Plaintiff was injured due to the fault and/or negligence of the Defendants, and/or their agents, servants and/or employees, as follows:

   a. Failure to utilize a reasonably safe fold-away bed in the Plaintiff's cabin;

   b. Failure to securely stow the fold-away bed in the Plaintiff's cabin;

   c. Failure to open the fold-away bed, in advance, for the Plaintiff when preparing her cabin;

   d. Failure to adequately inspect that the fold-away bed in the Plaintiff's cabin was safely secured so as not to fall down on a passenger all of a sudden;

   e. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the fold-away bed was adequately secured, inspected, and maintained in a safe condition;

   f. Failure to ascertain the cause of prior similar incidents happening on any of the Defendant's vessels, fleet wide, so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and

   g. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

29. All or some of the above acts and/or omissions caused and/or contributed to the fold-away bed suddenly falling and crashing down onto Plaintiff's second right toe.

30. Defendants knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in

5

the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

31. Defendants are vicariously liable for the negligent acts of their employees, and as such "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021).

32. Additionally, the unsafe condition of the fold-away bed was neither open nor obvious to the Plaintiff. It was hidden behind a closed closet door. Accordingly, the Defendants owed the Plaintiff the duty to inspect, warn of the condition, and/or correct the condition.

33. As a result of the negligence of the Defendants, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of the capacity for the enjoyment of life, inconvenience, scarring, loss of past earnings, loss of future earnings, diminished earning capacity in the future, and incurred medical expenses in the care and treatment of injuries. The injuries and damages are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments and incur medical expenses in the future. In addition, Plaintiff lost the benefit of the vacation and the cruise.

**WHEREFORE**, Plaintiff demands judgment against all Defendants for all damages recoverable under the law and demands a trial by jury.

**COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST ALL DEFENDANTS**

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-four (24) as though alleged originally herein.

34. At all material times, it was the duty of the Defendants to provide Plaintiff with reasonable care under the circumstances.

35. At all material times, it was the duty of the Defendants to maintain the fold-away bed in the Plaintiff's cabin in a reasonably safe condition.

36. On or about June 16, 2023, Defendants and/or their agents, servants and/or employees breached the duty of care through the following acts and/or omissions:

   a. Failing to maintain the fold-away bed in the Plaintiff's cabin in a safely secured position to prevent it from falling out on top of people;

   b. Failure to adequately and regularly inspect the fold-away bed in the Plaintiff's cabin to maintain it free of unreasonable hazards;

   c. Failure to analyze prior incidents and correct hazardous conditions following substantially similar incidents on any of the Defendant's vessels, fleet-wide; and

   d. Failure to adequately inspect the fold-away bed in the Plaintiff's cabin and/or maintain it in a reasonably safe condition, one that would negate or substantially limit the risks posed to Plaintiff.

37. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because the fold-away bed in the Plaintiff's cabin was not maintained in a safe manner, and it fell onto Plaintiff's right foot.

38. Plaintiff's incident and injuries would not have occurred but for the Defendants' failure to adequately inspect and maintain the fold-away bed in the Plaintiff's cabin.

39. At all material times, the Defendants knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that the Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendants' maintenance and/or inspections of the fold-away bed in the

Plaintiff's cabin, and/or through prior incidents involving passengers injured by a fold-away bed falling on them.

40. As a result of the Defendants' negligence, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of the capacity for the enjoyment of life, inconvenience, scarring, loss of past earnings, loss of future earnings, diminished earning capacity in the future, and incurred medical expenses in the care and treatment of injuries. The injuries and damages are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments and incur medical expenses in the future. In addition, Plaintiff lost the benefit of the vacation and the cruise.

**WHEREFORE**, Plaintiff demands judgment against all Defendants for all damages recoverable under the law and demands a trial by jury.

### COUNT III – NEGLIGENT FAILURE TO WARN AGAINST ALL DEFENDANTS

Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twenty-four (24) as though alleged originally herein.

41. At all material times, it was the duty of the Defendants to provide Plaintiff with reasonable care under the circumstances.

42. At all material times, it was the duty of the Defendants to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited.

43. On or about June 16, 2023, the Plaintiff was in her cabin, which is a place that Plaintiff was invited to by the Defendants and a place where Defendants welcomed Plaintiff and reasonably expected her to be during her cruise.

44. On or about June 16, 2023, the Defendants and/or their agents, servants and/or employees breached the duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to warn Plaintiff that the fold-away bed in her cabin could fall out of the closet, which was known to the Defendants; and/or

   b. Failure to warn that the fold-away bed in Plaintiff's cabin was unreasonably hazardous.

45. The above acts and/or omissions caused and/or contributed to the Plaintiff's injury because Plaintiff would have avoided the falling fold-away bed had Defendants and/or their agents, servants and/or employees adequately warned Plaintiff and/or communicated the foregoing.

46. At all material times, the foldaway bed was not reasonably safe.

47. At all material times, the Defendants knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendants' maintenance and/or inspections of the fold-away bed in the Plaintiff's cabin and/or through substantially similar incidents.

48. As a direct and proximate result of Defendants' failure to warn, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of the capacity for the enjoyment of life, inconvenience, scarring, loss of past earnings, loss of future earnings, diminished earning capacity in the future, and incurred medical expenses in the care and treatment of injuries. The injuries and damages are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments and incur medical expenses in the future. In addition, Plaintiff lost the benefit of the vacation and the cruise.

**WHEREFORE**, Plaintiff demands judgment against all Defendants for all damages recoverable under the law and demands a trial by jury.

Dated June 12, 2024.

           Respectfully submitted,

         By: */s/ Adria G. Notari*
           **ADRIA G. NOTARI**
           Florida Bar No. 87272
           E-mail: anotari@NotariLaw.com

           NOTARI LAW, P.A.
           1820 SW 14th Court
           Fort Lauderdale, Florida 33312
           Telephone: (954) 257-9028
           Facsimile: (954) 231-1128